

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2008

# Hernandez v. Cty of Union Cty

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2367

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hernandez v. Cty of Union Cty" (2008). *2008 Decisions.* Paper 1622.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1622

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-2367

———

CLEMENTE HERNANDEZ,
                                                Appellant

v.

CITY OF UNION CITY; DEPT OF POLICE
OF THE CITY OF UNION CITY;
JOSE RODRIGUEZ, Detective; CARLOS SEGARRA;
OMAR HERNANDEZ; MENDEZ; LORENTE;
MARK A. JULVIE, Sargent; DENNIS KOHREHERR, Lieutenant;
JOHN DOE, 1 through 50 being fictitious
name for one or more Police Officers, Peter Doe,
1 through 50 being fictitious name designating one or more
officials of City of Union City

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-01935)
District Judge: Honorable Dennis M. Cavanaugh

———

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2008

Before: SLOVITER, SMITH, and STAPLETON, Circuit Judges

(Filed: February 12, 2008)

———

OPINION

SLOVITER, Circuit Judge.

Clemente Hernandez ("Appellant") appeals the District Court's grant of summary judgment in favor of defendants City of Union City, the Police Department of Union City, and various individual city officers and detectives ("Appellees," collectively), against whom he made claims under 42 U.S.C. § 1983 and under state law based on his arrest on June 4, 2002.

## I.

As we write primarily for the parties, we limit our recitation of the facts to those pertinent to our disposition. According to police reports, the Union City Police Department received a detailed tip on May 15, 2002 from an anonymous caller with a description of a man selling drugs at the corner of 49th Street and Palisades Avenue. The police had previously received numerous complaints regarding the distribution of drugs in that area, and thus undertook an undercover investigation. Detective Rodriguez approached a man fitting the description given by the caller and purchased from him what was later confirmed to be crack cocaine.

Detective Hernandez, who followed a short distance behind Detective Rodriguez along with Detective Segarra, testified that he recognized Appellant after observing him directly for approximately ten to twelve seconds. Detective Hernandez lived on the same street as Appellant, he had spoken to him several times, and he had appeared at Appellant's house because of complaints by Appellant's wife of domestic disputes or

2

harassment. Detective Hernandez showed a photograph of Appellant to the other two detectives involved in the undercover operation, who identified Appellant as the seller of the drugs.

At Appellant's state trial, Detective Hernandez testified that Appellant was not arrested on May 15, 2002 to preserve the identity of the undercover officer. Detective Hernandez and Sergeant Julvie arrested Appellant on June 4, 2002, and he was indicted by a New Jersey grand jury on August 14, 2002 for violating New Jersey narcotics laws. A jury acquitted Appellant of all charges on December 4, 2003, and he filed this suit shortly thereafter.

The District Court granted defendants' motion for summary judgment, finding that the officers had probable cause to arrest Appellant, that their investigation did not violate Appellant's substantive due process rights, that there was no procedural due process violation, and that Appellant's state law claims of negligent infliction of emotional distress, malicious abuse of process, and false arrest were barred by the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-2, et seq.

**II.**

This court has "plenary review over the District Court's grant of summary judgment and appl[ies] the same standard as the District Court." McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005) (citation omitted). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

3

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

To establish a claim under 42 U.S.C. § 1983, a plaintiff must show "(1) whether the conduct complained of was committed by a person acting under color of state law[1] and (2) whether the conduct deprived the complainant of rights secured under the Constitution or federal law."[2] Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). The validity of the constitutional claims must "be judged by reference to the specific constitutional standard which governs that right . . . ." Graham v. Connor, 490 U.S. 386, 394 (1989).

Appellant alleges his arrest violated the Fourth Amendment because the police did

---

[1] There is no dispute that the individual Appellees are "persons" acting under color of state law. Union City is subject to liability under § 1983 for injuries caused by its official policies and customs. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006). However, because Appellant has alleged no facts supporting the claim that a municipal policy or custom caused the alleged injuries, summary judgment was proper as to the City. Moreover, because the Police Department is merely an arm of the City, and not a separate entity, it is not the proper entity to sue under § 1983. See N.J. Stat. Ann. § 40A:14-118 (proclaiming that New Jersey police departments are "an executive and enforcement function of municipal government").

[2] Although Appellees raised a qualified immunity defense, we must first "ascertain whether a constitutional violation has been alleged before determining if qualified immunity is available." Miller v. City of Philadelphia, 174 F.3d 368, 374 (3d Cir. 1999) (emphasis in original).

4

not have probable cause to arrest him. Although "[p]robable cause to arrest requires more than mere suspicion . . . it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." Orsatti v. N.J. State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). The probable cause determination is generally made by the trier of fact; however, "a district court may conclude 'that probable cause exists as a matter of law if the evidence . . . reasonably would not support a contrary factual finding.'" Merkle v. Upper Dublin School Dist., 211 F.3d 782, 788-89 (3d Cir. 2000) (citation omitted).

We agree with the District Court that the police officers had probable cause to arrest Appellant based on the detailed anonymous tip, the subsequent corroborating undercover investigation and controlled buy, and Detective Hernandez's on-scene identification of Appellant, all of which are undisputed.[3] Appellant's arguments regarding the "fabrication" of the charges against him, the "lame" explanation given as to why the arrest occurred several weeks after the controlled buy, inconsistencies relating to the photographic identification, and Appellant's Notice of Alibi are either speculations without evidentiary support or do not create a dispute as to the material facts relevant to the analysis of Appellant's false arrest claim. Because "[t]he test for an arrest without probable cause is an objective one, based on 'the facts available to the officers at the moment of arrest,'" Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994) (citation omitted), the fact that Appellant offered a post-arrest Notice of Alibi is irrelevant

---

[3] Appellant did not contest his arrest at trial.

where there is no evidence the officers knew of that alibi at the time of the arrest. Moreover, Appellant's emphasis on his acquittal is also misplaced, for "[e]vidence that may prove insufficient to establish guilt at trial may still be sufficient to find the arrest occurred within the bounds of the law." Id.; see also Michigan v. DeFillippo, 443 U.S. 31, 36 (1979). The undisputed facts demonstrate that the officers had a reasonable basis to believe Appellant had committed a crime.[4]

With respect to Appellant's claim of a substantive due process violation, the Appellees cite to Wilson v. Russo, 212 F.3d 781 (3d Cir. 2000), where we rejected the defendant's "attempt[] to inject a due process argument into what is primarily a fourth amendment claim . . . [–] that the officers were negligent in their investigation . . . [– because] negligence by public officials is not actionable as a due process deprivation of a civil right." Id. at 789 n.5 (citing Orsatti, 71 F.3d at 484). "Negligent police work, even if proven, does not violate the due process clause." Id. at 781 n.1. Liability only exists for "the most egregious official conduct" that is "so ill-conceived or malicious that it 'shocks the conscience.'" Miller, 174 F.3d at 375 (certain citations and internal quotation marks omitted). We agree with the District Court that Appellant's claims have not met this standard. Appellant does not support his claims of "outright active lies" by the police

---

[4] Because Appellant also frames his procedural due process and Fifth Amendment claims on appeal in terms of his warrantless arrest without probable cause, these claims replicate his Fourth Amendment claim and we reject those claims for the same reason.

with evidence in the record, and any police conduct with respect to the involvement of additional officers, such as Sergeant Julvie, possible inconsistency in the reports, discrepancy over the buy money, or confiscation of Appellant's money at the time of his arrest, does not, as a matter of law, shock the conscience.

Appellant's state law claims are governed by the New Jersey Tort Claims Act ("TCA"), N.J. Stat. Ann. § 59:1-2, et seq., which sets forth procedures for making claims against public entities and public employees, see id. § 59:8-3.  The Act requires a claimant to provide a notice of claim to the public entity or public employee within ninety days of the accrual of a cause of action, or otherwise to move to file a late notice within one year of the accrual date.  Id. § 59:8-8, :8-9.  The accrual date under the TCA is generally the date on which the alleged tort is committed.  See Beauchamp v. Amedio, 751 A.2d 1047, 1050 (N.J. 2000).  Appellant did not file his Notice of Claim against Appellees until February 2, 2004.

Although the District Court correctly dismissed Appellant's negligent infliction of emotional distress claim based on his failure to file proper notice under the TCA,[5] such is not the case regarding his intentional tort claims.  See Velez v. City of Jersey City, 850 A.2d 1238, 1246 (N.J. 2004) (interpreting TCA's notice requirements to apply also to

_____

[5] The Court found that the cause of action accrued on June 4, 2002, the date of the arrest.  Because the Notice of Claim was filed well after the ninety-day time limit, or September 4, 2002, Appellant's claim was dismissed. We agree with this determination.

7

claims for intentional torts, but stating that the holding "applied prospectively to all similar causes of action accruing after [June 29, 2004]").  Nevertheless, we need not remand to the District Court for further proceedings because both the false arrest/imprisonment and malicious prosecution claims require the absence of probable cause.[6]  See Wildoner v. Borough of Ramsey, 744 A.2d 1146, 1154 (N.J. 2000) ("[P]robable cause is an absolute defense to Plaintiff's false arrest, false imprisonment, and malicious prosecution claims . . . .").

## III.

For the above-stated reasons, we will affirm the judgment of the District Court.

---

[6] Although the District Court construed Appellant's claim as one of malicious abuse of process, Appellant clarifies on appeal that "[t]he state claim to which we refer here is the claim of malicious prosecution." Appellant's Reply Br. at 11.

8